UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10167-GAO

UNITED STATES OF AMERICA,

v.

SHANE HANSEN,
Defendant.

OPINION AND ORDER
September 14, 2018

O'TOOLE, D.J.

The defendant, Shane Hansen, who is currently serving a prison sentence imposed in this case, has moved to correct the Judgment pursuant Federal Rule of Criminal Procedure 36. Hansen argues that, in light of the Bureau of Prison's ("BOP") calculation of his remaining prison term, a correction of the Judgment is necessary to prevent him from serving a longer sentence than the one this Court intended to impose.

Rule 36 does not allow for the correction of substantive legal error, but it does permit district courts "to correct at any time '[c]lerical mistakes in judgments . . . arising from oversight or omission.'" United States v. Claudio, 44 F.3d 10, 16–17 (1st Cir. 1995) (quoting Fed. R. Crim. P. 36). A sentence that fails only to accurately reflect the sentencing court's clear intent is one such mistake that district courts are permitted to correct, particularly when the corrected sentence is lower than the one previously imposed. United States v. Crecelius, 751 F. Supp. 1035, 1037 (D.R.I. 1990), aff'd, 946 F.2d 880 (1st Cir. 1991); see Claudio, 44 F.3d at 16–17.

The circumstances in this case were somewhat unusual in that Hansen was a defendant in two parallel cases, each charging a single count. Although the charges in the two cases were

factually related and could have been brought in a single case with two counts, the charges were split, and the two cases were randomly drawn to different judges. By the time he was sentenced in this case, Hansen had already served 3 months and 30 days of the 120-month sentence he had received in the other case. Judgment, United States v. Hansen, Criminal No. 13-10169-WGY (D. Mass. Jan. 9, 2015), ECF No. 91.

At the sentencing hearing, this Court stated that it intended to sentence Hansen as though both cases had been resolved before a single judge, and adopted the jointly recommended sentence of 120 months, to run concurrently with the sentence imposed in Criminal No. 13-10169-WGY in order to accomplish that result. This Court clearly expressed—and did *in fact* intend—for Hansen's sentence in this case to be entirely concurrent with his sentence in the other. That is, it was this Court's intention that Hansen would serve no more than 120 months for both cases. The current BOP computation, requiring that Hansen serve an additional 3 months and 30 days following the expiration of the first imposed 120-month sentence, does not accurately reflect that clear intent. The omission to accurately account for the time already served under the first sentence in pronouncing the second is an "oversight or omission" of the kind that can appropriately be corrected under Rule 36. See Claudio, 44 F.3d at 16–17; Crecelius, 751 F. Supp. at 1037.

Accordingly, the Motion to Correct Judgment (dkt. no. 58) is GRANTED, and a corrected Judgment will be issued sentencing Hansen to a term of 116 months, concurrent with the sentence imposed in Criminal No. 13-10169-WGY.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge